UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

RANDOLPH CHASE,

                                 Plaintiff,

     v.                                              9:21-CV-1176
                                                     (GTS/TWD)

D. TOOMEY and COOK,

                                 Defendant(s).

─────────────────────────────────────

APPEARANCES:

RANDOLPH CHASE
Plaintiff, pro se
11-A-4492
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

      On October 28, 2021, pro se plaintiff Randolph Chase ("Plaintiff") commenced this

action pursuant to 42 U.S.C. § 1983 asserting Fourth and Fourteenth Amendment claims

arising out of his confinement at Cayuga Correctional Facility ("Cayuga C.F."). Dkt. No. 1

("Compl."). Plaintiff also sought leave to proceed in forma pauperis ("IFP"). Dkt. No. 2. On

December 13, 2021, the Court granted Plaintiff's IFP Application and dismissed his claims for

failure to state a claim upon which relief may be granted. Dkt. No. 4 (the "December Order").

In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended

1

complaint. *Id.* at 14.  Presently before the Court is the Amended Complaint submitted in response to the December Order.  Dkt. No. 8 ("Am. Compl.").

## II.    LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the December Order.  *See* Dkt. No. 4 at 2-3.  It will not be restated herein.

## III.    SUMMARY OF AMENDED COMPLAINT[1]

The factual allegations against defendants Correctional Officer D. Toomey ("Toomey") and Captain Cook ("Cook") asserted in the Amended Complaint are substantially the same as those in the Complaint. *Compare* Compl. *with* Am. Compl.

On October 4, 2019, Plaintiff was transferred to Cayuga C.F.  Am. Comp. at ¶ 8.  On October 9, 2019, Plaintiff informed Defendants he had not received all of his personal property.  *Id*. at ¶ 10.  Plaintiff "wrote several letters," and "made several complaints and grievances" related to his missing property.  *Id*. at ¶¶ 10, 21.  Plaintiff alleges Toomey threatened Plaintiff when he asked about his missing property and told Plaintiff "he would cause a problem" for him.  *Id*. at ¶ 11.

On October 16, 2019, Toomey searched Plaintiff's cell and discovered and

---

[1]  The Complaint included exhibits (Compl. at 17-22 and  Dkt. No. 1-1), that Plaintiff failed to annex the documents to the Amended Complaint.  "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that Plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019, 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013). To require Plaintiff to file another amended complaint that includes the original exhibits is "an unnecessary procedural hoop that would waste resources and delay resolution of this action."  *Alexander v. United States*, No. 13-CV-678, 2013 WL 4014539, at *4 n.3 (N.D. Cal. Aug. 5, 2013).  In light of Plaintiff's pro se status, the Court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the proposed Amended Complaint.  *See Alvarado v. Ramineni*, No. 08-CV-1126, 2011 WL 6937477, at *5 n.9 (N.D.N.Y. Dec. 6, 2011).

confiscated a "wide piece of metal can lid with melted black plastic handle."  Am. Compl. at ¶ 12.  Toomey stated the search was "not retaliatory," but "premised upon a note from someone."  *Id*. at ¶ 13.  Cook "controlled" the investigation.  *Id*.

On October 18, 2019, Plaintiff received a Misbehavior Report, issued by Toomey. Am. Compl. at ¶ 14.  The misbehavior report lacked any reference to an informant or any suggestion that a third party alerted Defendants to Plaintiff having contraband.  *Id*. at ¶¶ 13-14.

On October 21, 2019, Cook presided over a Tier III hearing related to the misbehavior report.  Am. Compl. at ¶ 15.  Plaintiff argued that Cook had a conflict of interest and asked him to recuse himself from the proceeding.  *Id*.  Plaintiff also claimed the weapon was planted "as retaliation."  *Id*.  Cook refused Plaintiff's request and found Plaintiff guilty of the charges in the misbehavior report.  *Id*. at ¶ 16.  Plaintiff was sentenced to the Special Housing Unit ("SHU") and transferred to Orleans Correctional Facility.  Am. Compl. at ¶¶ 16, 23, 27.

Construing the Amended Complaint liberally, Plaintiff asserts: (1) claims against Toomey related to verbal harassment and threats; (2) First Amendment retaliation claims; (3) Fourteenth Amendment due process claims; and (4) conspiracy claims.  Am. Compl. at ¶¶ 15-20.  Plaintiff seeks monetary damages.  *Id*. at p. 9.

## IV.   DISCUSSION

### A. Eleventh Amendment

The law related to the Eleventh Amendment was discussed in the December Order; it will not be restated here.  *See* Dkt. No. 4 at 6-7.  There, the Court dismissed Plaintiff's

3

section 1983 claims seeking monetary damages against Defendants, in their official capacity, as barred by the Eleventh Amendment, with prejudice. *Id.* To the extent that Plaintiff attempts to reassert section 1983 claims for monetary damages against Defendants in their official capacity in the Amended Complaint, those claims are dismissed, with prejudice, for the reasons set forth in the December Order**.**

### B. Verbal Threats and Harassment

Plaintiff claims that defendants Toomey "harassed" and threatened him "from reporting misconduct." Am. Compl. at ¶ 22. "'Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983.'" *McCarroll v. Matteau*, No. 9:09-CV-0355 (NAM/GHL), 2010 WL 2346327, at *5 (N.D.N.Y. May 17, 2010) (quoting *Jermosen v. Coughlin*, 878 F.Supp. 444, 449 (N.D.N.Y. 1995); *see also Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) (citing cases).

Therefore, Plaintiff's claim that Toomey threatened him is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Retaliation

Plaintiff alleges that Defendants retaliated against him when they planted contraband in his cell, issued a false misbehavior report, and sentenced him to the SHU. Am. Compl. at ¶¶ 12, 22-23.

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the

4

defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).  The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

"[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone."  *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Plaintiff alleges that he made several complaints and "grievances to supervising officers" related to his lost property.  Am. Compl. at ¶¶ 10, 22.  While the filing of grievances is a protected First Amendment right (*see Davis v. Goord*, 320 F.3d 346, 352–353 (2d Cir. 2003), the Amended Complaint lacks facts identifying what grievances motivated the alleged retaliatory actions, when the grievances were filed, who the grievances were filed against and, more importantly, how Defendants became aware of the grievances.  Accordingly, Plaintiff has not plead a viable retaliation claim based upon the filing of "grievances."  *See*

*Davidson v. Talbot*, No. 01-CV-473 (RFT), 2005 WL 928620, at *16 (N.D.N.Y. March 31, 2005) (finding that the plaintiff's allegation that he was attacked for filing grievances failed to allege when the grievances were filed and thus, "th[e] Court had no way of assessing the strength or validity of such claim."); *see Guillory v. Haywood*, No. 13-CV-1564 (MAD/TWD), 2015 WL 268933, at *23 (N.D.N.Y. Jan. 21, 2015) (concluding that the plaintiff failed to allege facts identifying the grievances and lawsuits from which the defendant's awareness could be inferred).

Because the Amended Complaint lacks any other facts suggesting Plaintiff engaged in any other protected conduct, Plaintiff's retaliation claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

### D. Fourteenth Amendment

The law related to Fourteenth Amendment due process claims was discussed in the December Order and will not be restated herein. Dkt. No. 4 at 8-13. In the December Order, the Court concluded that the due process claim against Toomey related to the misbehavior report misbehavior was not cognizable pursuant to 42 U.S.C. § 1983. *Id*. at 9. The Court dismissed the due process claim against Cook because:

> Plaintiff failed to plead any facts that plausibly suggest that his SHU confinement imposed an atypical and significant hardship, and therefore Plaintiff has failed to plead the existence of a valid liberty interest. While Plaintiff claims he was "sentenced" to ninety days, the Complaint does not contain any facts related to when or for how long Plaintiff was confined to the SHU and is completely devoid of any description of the conditions he endured while serving a SHU sentence.

Dkt. No. 4 at 11 (internal citation omitted). The Court also addressed *Heck v. Humphrey* and held:

6

> Since Plaintiff has not demonstrated that his disciplinary determinations have been invalidated, *Heck* bars a challenge regarding the validity of his conviction unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit."

Dkt. No. 4 at 13 (citation omitted).

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in his due process claim. In evaluating the severity of the hardship imposed, a district court must consider both the duration and conditions of the confinement. *See Sealy v. Glitner*, 197 F.3d 578, 586 (2d Cir. 1999). In the Amended Complaint, Plaintiff does not allege facts related to the sentence imposed by Cook. Even if the Court takes the facts related to the sentence, as alleged in the original Complaint (ninety days in SHU with a corresponding loss of privileges, and two months loss of good time credits), *see* Compl. at 7, the Amended Complaint does not indicate how long Plaintiff was actually confined to the SHU.

Assuming Plaintiff was confined for the entirety of his sentence, as discussed in the December Order, "the Second Circuit generally takes the position that confinement in a SHU, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship." Dkt. No. 4 at 10. The Amended Complaint lacks any facts related to the conditions Plaintiff endured while serving his SHU sentence and thus, does not suggest Plaintiff suffered from conditions that were an "atypical and significant hardship."

Plaintiff also failed to provide a *Peralta* waiver indicating whether he waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with claims

challenging sanctions affecting the conditions of his confinement.

Accordingly, for the reasons set forth herein and in the December Order, Plaintiff's due process claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### E. Conspiracy

Plaintiff claims that Defendants engaged in a "conspiracy."  Am. Compl. at ¶ 15.  A conspiracy claim under § 1983 must allege that: (1) an agreement existed between two or more state actors to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal.  *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002).  Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed.  *Id*. at 325.

Plaintiff does not assert any facts giving rise to a conspiracy, but instead makes conclusory statements that Defendants conspired with each other.  Plaintiff's conclusory allegations do not support a "meeting of the minds" or a plausible conspiracy claim involving any of the Defendants.  "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be enough to raise a right to relief above the speculative level."  *Dorsey v. Fisher*, No. 09-CV-1011, 2009 WL 4985421, at *3 (N.D.N.Y. Dec. 15, 2009) (citations omitted); *see Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds").

Accordingly, Plaintiff's conspiracy claims are dismissed for failure to state a claim. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 8) is accepted for filing; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly, and is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

Dated: March 22, 2022
        Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge

9